UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

MARIA CARRION-COTNER,

      Plaintiff,

v.

MSC CRUISES, S.A.,

      Defendant.
_____/

## COMPLAINT

Plaintiff sues Defendant and states at all material times:

1. This Court has diversity jurisdiction over this case because Plaintiff is a Florida citizen, MSC is an Italian citizen, and more than $75,000 is in controversy. This Court also has admiralty jurisdiction over this case because Plaintiff's claims arose on MSC's ship on navigable waters.

2. This Court is the proper venue for this case because the parties agreed to litigate this dispute here.

3. Plaintiff satisfied all conditions precedent or they are waived.

4. This lawsuit is timely because MSC agreed to extend the time for filing this lawsuit.

5. Plaintiff was a ticketed passenger on the *MSC Divina* for a multi-day cruise in October-November of 2014.

6. The cruise sailed from the Port of Miami.

7. The cruise included a scheduled stop in the Cayman Islands on or about October 28, 2014.

8. During the stop, the ship used a tender to transfer Plaintiff from ship to shore.

9. The ship's crew transferring the passengers from the ship to the tender were hurrying passengers through the process.

10. The tender was moving in the water.

11. When it was Plaintiff's turn to board the tender, Plaintiff told the crew working the tender transfer to wait and give her a second before she stepped from ship to tender.

12. At least one of the crew pulled her into the tender.

13. The pulling caused Plaintiff to fall and injure, among other things, her spine and her knees.

14. This is not the first time MSC injured a passenger by failing to have a safe tender transfer process.

15. Despite prior passenger injuries caused by MSC's tender transfer process, MSC has not changed the tender transfer process.

## Count 1 – Negligence

16. Plaintiff incorporates paragraphs 1-15.

17. MSC owed Plaintiff a duty to act reasonably under the circumstances with regard to her safety. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). That duty included the obligation to provide Plaintiff a safe way on and off the ship during the stop in the Cayman Islands. *See, e.g., Isham v. Pacific Far East Line, Inc.*, 476 F.2d 835, 837 (9th Cir. 1973).

18. MSC breached its duty by:

    a. Disembarking Plaintiff from the ship given the sea conditions;

    b. Hurrying the tender transfer process;

2

   c. Pulling Plaintiff into the tender against her will;

   d. Failing to provide Plaintiff a safe way of getting off the ship in the Cayman Islands;

   e. Failing to have a reasonably safe tender loading procedure;

   f. Failing to properly supervise its crew to ensure they used a reasonably safe tender loading procedure; and

   g. Failing to exercise due care for Plaintiff's safety (collectively "the dangerous conditions").

19. The dangerous conditions exposed Plaintiff to a foreseeable zone of risk.

20. MSC knew about the dangerous conditions, or they existed long enough that MSC should have discovered them in exercising due care, or they occurred with such frequency that MSC was on notice of them.

21. Alternatively, MSC created the dangerous conditions.

22. On or about October 28, 2014, MSC's breach directly and proximately caused Plaintiff to fall and suffer bodily injury, pain, disability, loss of capacity for the enjoyment of life, mental suffering, medical expenses, aggravation of pre-existing condition, and loss of the pleasure of the complete cruise and Plaintiff demands a refund for all cruise money.

Wherefore, Plaintiff asks for:

   a. Damages in an amount proven at trial;

   b. Punitive damages; *See Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 414 (2009);

   c. Cost of suit;

   d. Prejudgment interest where applicable; and

e. Jury trial.

## Count 2 – Strict Liability

23. Plaintiff incorporates paragraphs 1-15.

24. MSC is strictly liable for the willful misconduct of the ship's crew during the tender transfer. *See, e.g., Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 915 (11th Cir. 2004).

25. At least one of the ship's crew participating in the tender transfer grabbed Plaintiff's body without her permission and against her will.

26. At least one of the ship's crew participating in the tender transfer pulled Plaintiff into the tender against her will.

27. On or about October 28, 2014 the willful misconduct of at least one of the ship's crew caused Plaintiff to be pulled into the tender against her will and directly and proximately caused Plaintiff to fall and suffer bodily injury, pain, disability, loss of capacity for the enjoyment of life, mental suffering, medical expenses, aggravation of pre-existing condition, and loss of the pleasure of the complete cruise and Plaintiff demands a refund for all cruise money.

Wherefore, Plaintiff asks for:

a. Damages in an amount proven at trial;

b. Punitive damages; *See Atlantic Sounding Co.,* 557 U.S. at 414;

c. Cost of suit;

d. Prejudgment interest where applicable; and

e. Jury trial.

LAWLOR WHITE & MURPHEY, LLP
**Counsel for Plaintiff**
2211 Davie Blvd.
Ft. Lauderdale, FL  33312
954-525-2345
954-730-8908 fax
bmurphey@lwmlegal.com
agonzalez@lwmlegal.com

By:  /s/ Ben Murphey, Esq. (25489)